**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTHA ELISA BARAJAS CARILLO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    15-73463

Agency No. A091-691-867

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2021[**]
Pasadena, California

Before:  BYBEE and BENNETT, Circuit Judges, and BATAILLON,[***] District
Judge.

Petitioner Martha Elisa Barajas Carillo, a native and citizen of Mexico, seeks

review of a decision of the Board of Immigration Appeals ("BIA") affirming the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

immigration judge's ("IJ") decision denying withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

"We review 'denials of . . . withholding of removal[] and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014)). "Credibility determinations are reviewed for substantial evidence." *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013). "Under the substantial evidence standard, an adverse credibility finding is 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011)).

Substantial evidence supports the BIA's affirmance of the IJ's determination that Petitioner was not credible. In a sworn statement to an immigration official at the border, Petitioner stated she had no fears or concerns about being returned to Mexico and that she would not be harmed if she returned. She stated she had "been going back and forth to Mexico to see [her] husband." Her testimony at the withholding of removal proceedings included "[m]aterial alterations in [her] account of persecution[, which] are sufficient to support an adverse credibility finding." *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). Petitioner

testified that she and her son had been kidnapped by her husband in California and taken to Tijuana, Mexico, where they were held at her husband's mother's home against their will for approximately two weeks. She testified that she was beaten and sexually assaulted during that period. She testified that she escaped with her mother-in-law's assistance and drove to the border with her son and another man her husband had kidnapped. When asked why she did not tell the officer at the border about any of this, she stated, "I was afraid. I was already – I, I had trusted somebody in TJ, sir, an agent, a federal agent to save me from that place, and the only thing that happened to me, that agent called my husband and beat – my husband beat me."

The BIA found no clear error in the IJ's decision denying withholding of removal based on an adverse credibility determination, finding Petitioner "provided inconsistent statements in support of her claim." The BIA noted that the IJ "found that the applicant was unable to adequately explain why she failed to report the alleged abuse . . . to immigration officials."[1] Because Petitioner first

---

[1] The IJ considered Petitioner's explanations that she was "nervous" and that she either could not remember being asked whether she feared being returned to her home country or did not understand the question but found "there is no reason to believe that she could not have answered the questions" despite her nervousness, and that she did not "explain why she would not have understood the question." The IJ, therefore, found these inconsistencies made Petitioner's testimony of fear of persecution not credible and not reliable.

"affirmatively denied" a fear of returning to Mexico and later expressed that precise fear, no reasonable adjudicator would be compelled to conclude Petitioner is credible. *See Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004), *superseded on other grounds by statute*, 8 U.S.C. § 1158(b)(1)(B)(iii).

The BIA also affirmed the IJ's denial of CAT protection because the inconsistencies in Petitioner's testimony made her not credible. Thus, we uphold the denial of CAT protection because Petitioner has not established that the country conditions, standing alone, compel a contrary result. *Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010)

**PETITION DENIED.**